UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ROBERT WILLIS,<br><br>    Petitioner,<br><br>v.<br><br>KEN CLARK, warden<br><br>    Respondent. | Case No. CV 08-00594 JVS (AN)<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY AS TIME-BARRED** |

## I. BACKGROUND

Before the Court is a petition for a writ of habeas corpus ("Petition") brought by Petitioner Robert Willis ("Petitioner"), a state prisoner proceeding *pro se*. The Petition is brought pursuant to 28 U.S.C. § 2254 and it raises three sentencing error claims directed at Petitioner's 1996 conviction and related prison sentence of fifty- years to life, that he sustained following a jury trial in the California Superior Court for the County of Los Angeles (case no. BA129442). (Pet. 2.) For the reasons discussed below, Petitioner is ordered to show cause why his Petition should not be dismissed with prejudice because it is time-barred.

## II. DISCUSSION

**A.     Standard of Review**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Rule 4"), states that "the judge to whom [the petition] is assigned" is required to examine the petition promptly and "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Local Rule 72-3.2 of this Court also provides "[t]he Magistrate Judge promptly shall examine a petition for writ of habeas corpus, and if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." C.D. Cal. R. 72-3.2. Further, an untimely habeas petition may be dismissed *sua sponte*, however, the district court must give the prisoner adequate notice and an opportunity to respond before doing so. *Day v. McDonough*, 547 U.S. 198, 209-10, 126 S. Ct. 1675 (2006); *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).

**B.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state prisoners to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

The face of the Petition, attached exhibits, and relevant state court records, establish that Petitioner sustained his underlying conviction and sentence on November

18, 1996.  (Pet. 2; Official records of California courts.[1/])  On direct review, Petitioner filed a timely appeal with the California Court of Appeal and, on December 23, 1997, the intermediate appellate court affirmed Petitioner's judgment and sentence.  *People v. Willis*, case no. B108037, unpub. op.  (Cal. App. Ct., 2d Dist./Div., filed Dec. 23, 1997).  Petitioner did not file a petition for review with the California Supreme Court, therefore, for purposes of AEDPA's limitation period, his judgment became final on February 1, 1998, the fortieth day after the California Court of Appeal affirmed the judgment of conviction and sentence and the time expired for Petitioner to file a petition for review with the California Supreme Court.  *See* Cal. R. Ct. 8.264(b)(1); 8.500(e)(1); *Smith v. Duncan*, 297 F.3d 809, 812-13 (9th Cir. 2002).  The limitation period then started to run the next day, February 2, 1998, and ended on February 1, 1999.  28 U.S.C. § 2244(d)(1)(A); *see also Patterson v. Stewart*, 251 F.3d 1243, 1245-47 (9th Cir. 2001) (the limitations period begins to run on the day after the triggering event pursuant to Fed. R. Civ. P. 6(a)).

Petitioner missed this deadline because he did not constructively[2/] file the pending Petition until January 15, 2008 -- 3,269 days (nearly 9 years) after the statute expired.  Therefore, the pending Petition is time-barred unless Petitioner is entitled to

---

[1/]  The Court takes judicial notice of Petitioner's records in the state appellate courts, which are available on the Internet at http://appellatecases.courtinfo.ca.gov. *See Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (federal courts may take judicial notice of relevant state court records in federal habeas proceedings).

[2/]  Pursuant to the "mailbox rule," a *pro se* prisoner's habeas petition is deemed to be filed on the date the prisoner delivers the petition to prison authorities for mailing to the clerk.  *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1222 (9th Cir. 2001).  The mailbox rule also applies to *pro se* state habeas petitions.  *Stillman v. Lamarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).  The pending Petition was filed by the Clerk on January 29, 2008, however, for purpose of the timeliness analysis, the Court gives Petitioner the benefit of the doubt by assuming he constructively filed the Petition on January 15, 2008, the date he signed it.  (Pet. 8.)

Page 3

statutory or equitable tolling, or an alternate start date to AEDPA's limitation period under 28 U.S.C. § 2244(d)(1).

**C.    Statutory Tolling**

AEDPA's one-year limitation period may be tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). To qualify for statutory tolling during the time the petitioner is pursuing collateral review in the state courts, his first state habeas petition must be constructively filed *before*, not after, the expiration of AEDPA's one-year limitation period. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2254 does not permit the reinitiation of the limitation period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (stating that filing of state petition after AEDPA's one-year time period has elapsed bars federal habeas review); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled"); *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2001). Further, the limitation period is not tolled between the time a final decision is issued on direct state appeal and the time a state collateral challenge is filed because there is no case "pending" during that interval. *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

The face of the Petition and relevant state court records establish that Petitioner waited until April 26, 1999 -- eighty-four days after the expiration of the limitation period -- to file his first[3] state habeas petition with the California Court of Appeal (case

---

[3]    The Petition indicates that the first state habeas petition was filed in the superior court on March 4, 1999, under case number BA129442. (Pet. 4.) Petitioner has not shown, and the state court records do not establish, that this filing was a state habeas petition. Rather, the state court records establish that case number BA129442 (continued...)

Page 4

no. B131315), which that court denied on May 6, 1999. (Pet. 3; Official records of California courts). Although not identified in the Petition, relevant state court records also establish that Petitioner subsequently filed a slew of state habeas petitions with both of the state appellate courts, all of which were denied.[4] Consequently, Petitioner is not entitled to statutory tolling for any of these state habeas petitions because they were all filed long after the limitation period expired. *See Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) (a state application for post-conviction relief does not revive the one-year limitation period if it has already expired); *Ferguson*, 321 F.3d at 823; *Jimenez*, 276 F.3d at 482; *Webster*, 199 F.3d at 1259; *Green*, 223 F.3d at 1003. Therefore, this Court concludes this Petition, which was constructively filed on January 15, 2008, is untimely by 3,269 days.[5]

**D.   Alternative Start of the Statute of Limitations**

    **1.   State-Created Impediment**

In rare instances, AEDPA provides that its one-year limitation period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

---

[3] (...continued) is Petitioner's trial court case reference. Nonetheless, as the following analysis makes clear, even giving Petitioner every benefit of the doubt with respect to this issue, each of his state habeas petitions was filed long after the limitation period ended to have any bearing on the timeliness of his current Petition.

[4] *See In re Robert Willis*, case no. S080524, Cal. Supreme Ct. (filed July 13, 1999, denied Sept. 29, 1999); *Willis (Robert) on Habeas Corpus*, case no. S111673, Cal. Supreme Ct. (filed Nov. 26, 2002, denied Apr. 9, 2003); *Willis v. People*, case no. B199198, Cal. App. Ct., 2d Dist./Div. 1 (filed May 22, 2007, denied June 28, 2007); and *Willis (Robert) on Habeas Corpus*, case no. S153549, Cal. Supreme Ct. (filed June 18, 2007, denied Nov. 14, 2007).

[5] Specifically, the 3,269 days represents the untolled time beyond the limitation deadline (February 1, 1999), and the Petition's constructive filing date (January 15, 2008).

Page 5

was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Asserting that the statute of limitations was delayed by a state-created impediment requires a showing of a due process violation. *Lott v. Mueller*, 304 F.3d 918, 925 (9th Cir. 2002). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 2.  Newly Recognized Constitutional Right

AEDPA provides that, if a claim is based upon a constitutional right that is newly recognized and applied retroactively to habeas cases by the United States Supreme Court, the one-year limitation period begins to run on the date which the new right was initially recognized by the United States Supreme Court. 28 U.S.C. § 2244(d)(1)(c). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

### 3.  Discovery of Factual Predicate

AEDPA also provides that, in certain cases, its one-year limitation period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief based upon a late discovery of the factual predicate.

**E.  Equitable Tolling**

"[E]quitable tolling is justified in few cases," and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807 (2005). The face of the Petition and attached exhibits do not set forth any facts showing that Petitioner is entitled to relief under this provision.

**O R D E R**

Based upon the foregoing, the Court finds the Petition, attached exhibits, and relevant state court records indicate it is untimely. Accordingly, Petitioner shall have until **February 27, 2008**, to file a written response and show cause why his Petition should not be dismissed with prejudice because it is time-barred. In responding to this Order, Petitioner must show by declaration and any exhibits what, if any, factual or legal basis he has for claiming that the Court's foregoing analysis is factually or legally incorrect, or that AEDPA's one-year statute of limitations should be tolled, or the start date extended. If Petitioner contends he is entitled to tolling because of a lack of access to the prison law library due to a purported lockdown or some other state-created impediment, his written response must be supported by a declaration from the warden or prison librarian verifying that the law library and library materials were unavailable throughout the relevant time period because of the lockdown or other stated reason. Further, Petitioner must demonstrate that, during the time that access to the prison law library was allegedly unavailable, he made requests for legal materials to be brought to his cell and those requests were denied.

**Petitioner is warned that, if a timely response to this Order is not made, Petitioner will waive his right to do so and the Court will, without further notice, issue an order dismissing the Petition, with prejudice, as time-barred. Further, if Petitioner determines the Court's above analysis is correct and the Petition is clearly time-barred, he should file a Request For Voluntary Dismissal of this action pursuant to Fed. R. Civ. P. 41(a)(1) in lieu of a response to this Order.**

IT IS SO ORDERED.

DATED: February 7, 2008   / s /   ARTHUR NAKAZATO
                          ARTHUR NAKAZATO
                          UNITED STATES MAGISTRATE JUDGE